THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
NO- 1:21-CV-856

| | | |
|---|---|---|
| JAMYA HAITH and EMMONIE HAITH, by and through their Guardian Ad Litem, Erica Chambers; and Erica Chambers, individually<br><br>Plaintiffs,<br><br>v.<br><br>HARFORD MUTUAL INSURANCE GROUP, INC.; THE HARFORD MUTUAL INSURANCE COMPANY; CARLOS ALBERTO RAMIREZ; NC CHAMPIONS CONSTRUCTION, INC.; and BIG BOSS CONSTRUCTION, INC.,<br><br>Defendants. | ) | **NOTICE OF REMOVAL** |

Harford Mutual Insurance Group, Inc., and The Harford Mutual Insurance Company (the "Insurers"), by and through undersigned counsel, hereby removes the above-captioned case from the Superior Court of Durham County, North Carolina, to the United States District Court for the Middle District of North Carolina, pursuant to 28 U.S.C. § 1332, 1441, and 1446. In support of this Notice of Removal, the Insurers state as follows:

1. On or about September 24, 2021, Plaintiff filed a civil action against the Insurers and other parties in the Superior Court of Durham County, North Carolina, under Case No. 21-CVS-3225. A copy of Plaintiffs' Complaint is attached to this Notice of Removal as Exhibit A, and incorporated herein by reference.

2. The Insurers were served with the Complaint pursuant to North Carolina General Statute § 58-16-30. The Insurers' received a copy of the Complaint on October 16, 2021.

3. The Insurers have filed this Notice of Removal within 30 days of receipt of the Complaint, through service or otherwise.

4. There have been no further proceedings in this matter in the Superior Court of Durham County, North Carolina, to date.

5. Subject matter jurisdiction rests with the Federal Courts in this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

6. Removal of this action to this Court is proper under 28 U.S.C. § 1441(a), as this Court would have original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

7. Venue is proper in the Durham Division in accordance with 28 U.S.C. §§ 113(b) and 1441(a).

## REMOVAL IS PROCEDURALLY PROPER

8. This Notice has been filed before the expiration of thirty days from the date the Insurers first received a copy of the Complaint by service or otherwise. Therefore, removal of this action is timely pursuant to 28 U.S.C. § 1446(b).

9. Contemporaneous with the filing of this Notice, the Insurers are serving a copy of this Notice of Removal on counsel for Plaintiff, and are filing a copy of this Notice of Removal with the Clerk of the Superior Court of Durham

County, North Carolina, where this action was originally filed, as required by 28 U.S.C. § 1446(d). Further, the Insurers are serving copies of this Notice of Removal upon Carlos Alberto Ramirez; NC Champions Construction, Inc.; and Big Boss Construction, Inc., in accordance with Rule 4 of the Federal Rule of Civil Procedure and Rule 4 of the North Carolina Rules of Civil Procedure.

**DIVERSITY OF CITIZENSHIP**

10. This is a civil action which, upon proper realignment of the parties, will be between citizens of different states.

11. Plaintiffs allege in their Complaint that they are residents of North Carolina. *See* Exhibit A at ¶¶ 7-9.

12. Defendant Harford Mutual Insurance Group, Inc., is an insurance company incorporated under the laws of Maryland and with its principal place of business in Bel Air, Maryland.

13. Defendant The Harford Mutual Insurance Company is an insurance company incorporated under the laws of Maryland and with its principal place of business in Bel Air, Maryland.

14. Plaintiffs allege in their Complaint that Defendant Carlos Alberto Ramirez is a citizen and resident of Randolph County, North Carolina. *See* Exhibit A at ¶ 14.

15. Plaintiffs allege in their Complaint that Defendant NC Champions Construction, Inc. ("NC Champions"), is a corporation duly organized and existing under the laws of the State of North Carolina with its principal place of business located in Durham, North Carolina. *See* Exhibit A at ¶ 15.

16. Plaintiffs allege in their Complaint that Defendant Big Boss Construction ("Big Boss") is a corporation duly organized and existing under the laws of the State of North Carolina with its principal place of business located in Durham, North Carolina. *See* Exhibit A at ¶ 15.

17. Defendants Ramirez, NC Champions, and Big Boss are referred to herein as the "Non-Diverse Defendants." Their interests are aligned with the Plaintiffs and are adverse to the Insurers, such that they should all be realigned as Plaintiffs.

18. Although it appears based on the face of the Complaint that complete diversity of the parties is lacking, diversity jurisdiction is proper if the Insurers demonstrate that the Non-Diverse Defendants have been misaligned. *See Ohio Cas. Ins. Co. v. RLI Ins. Co.*, No. 1:04CV483, 2005 WL 2574150, at *6 (M.D.N.C. Oct. 12, 2005); *see also U.S. Fid. & Guar. Co. v. A & S Mfg. Co.*, 48 F.3d 131, 133 (4th Cir. 1995).

19. With regard to the declaratory judgment cause of action asserted in the Complaint, the Non-Diverse Defendants, to the extent they have an interest in the outcome of the DJA, their interest would be the same as the Plaintiff.

Because the Non-Diverse Defendants have the same interest as Plaintiff in the principal purpose of the DJA, the Non-Diverse Defendants should be realigned as Plaintiffs. After this realignment, there would exist complete diversity of the parties. The Insurers are filing contemporaneously with this Notice of Removal a Motion to Realign the Parties.

20. The United States Supreme Court held in *Indianapolis v. Chase Nat. Bank*, 314 U.S. 63, 69 (1941), that "[d]iversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants. It is our duty, as it is that of the lower federal courts, to 'look beyond the pleadings, and arrange the parties according to their sides in the dispute.' . . . Whether the necessary 'collision of interest' exists, is therefore not to be determined by mechanical rules. It must be ascertained from the '*principal purpose of the suit'* and the 'primary and controlling matter in dispute.'" (emphasis added) (internal citations omitted).

21. Contrary to other circuits which follow the "substantial controversy" test, the Fourth Circuit has specifically adopted the "principal purpose" test in deciding how to properly align parties. *United States Fid. and Guar. Co. v. A & S Mfg. Co.*, 48 F.3d 131, 133 (4th Cir. 1995).

22. Applying the "principal purpose" test entails two steps. "First, the court must determine the primary issue in the controversy. Next, the court should align the parties according to their positions with respect to the primary issue." *Id*.

23. If the court determines that the parties should be realigned based on the "principal purpose" test, then the court must determine whether complete diversity exists based on the realignment of the parties. *Id.*

24. The primary purpose of this action brought by Plaintiffs is to establish that the Insurers policies provide coverage for any judgment that Plaintiffs may recover against the Non-Diverse Defendants for personal injuries. The Non-Diverse Defendants, as the alleged insureds in the underlying case, have the same interest as the Plaintiffs, since a finding in favor of the Insurers would mean that the Insurers have no duty to indemnify the Non-Diverse Defendants against Plaintiffs' claims in the underlying action.

25. The Plaintiffs' interest in relation to the primary purpose of this suit—to establish that there is liability coverage available to Plaintiffs under the policies of the Insurers for the underlying lawsuit—is clearly the same as the Non-Diverse Defendants's interest. The Non-Diverse Defendants and Plaintiffs have a legal interest in having the Insurers held liable to indemnify the Non-Diverse Defendants for any damage recoverable against the Non-Diverse Defendants in the underlying lawsuit.

26. Because the Non-Diverse Defendants share the same interest in holding the Insurers liable to pay any judgment entered against the Non-Diverse Defendants in the underlying tort action, the Non-Diverse Defendants must be realigned as plaintiffs in this DJA.

27. Once the Non-Diverse Defendants are realigned as plaintiffs, their North Carolina citizenship does not destroy this Court's diversity jurisdiction over the parties. *See Ohio Cas. Ins. Co. v. RLI Ins. Co.*, No. 1:04CV483, 2005 WL 2574150, at *4 (M.D.N.C. Oct. 12, 2005)("however, and jurisdiction will be sustained if diversity exists when the parties are aligned properly, even though it is lacking on the face of the pleadings . . . .").

28. The Insurers are unaware as to whether the Non-Diverse Defendants consent to removal of this action. The Non-Diverse Defendants consent, however, is irrelevant as the Court does not evaluate jurisdiction until after realignment. *See id.* ("If a defendant is disregarded or is realigned for jurisdictional purposes, *that defendant need not consent to removal*, and the Court will evaluate jurisdiction based on the positions of the parties after the realignment." (emphasis added)).

29. There is complete diversity between the properly realigned parties. The declaratory relief sought by Plaintiffs clearly aligns with the Non-Diverse Defendants' interest. Therefore, the Non-Diverse Defendants should be realigned as plaintiffs because their interest in relation to the primary purpose of the litigation is the same as Plaintiffs. Plaintiffs and the Non-Diverse Defendants want the Insurers to be held liable to pay any judgment that may be recovered against the Non-Diverse Defendants arising out of the underlying lawsuit and claims.

30. After realigning the parties according to their interest in the primary purpose of this action, there is complete diversity of citizenship between the realigned Plaintiffs, who are all North Carolina citizens, on one side, and the Insurer Defendants, which are not incorporated in North Carolina, and which do not have principal places of business in South Carolina, on the other.

**AMOUNT IN CONTROVERSY**

31. In their Complaint, Plaintiffs seek a declaration that the commercial general liability policy issued to NC Champions and the excess umbrella liability policy issued to Big Boss provide coverage for the injuries sustained by Plaintiffs as alleged in the underlying action. Exhibit A at ¶¶ 67-72. The Insurers deny the allegations of the Complaint.

32. Plaintiffs allege that The Harford Mutual Insurance Company issued a commercial general liability policy to NC Champions and a commercial general liability policy and excess umbrella policy to Big Boss.

33. The amount in controversy here exceeds the sum or value of $75,000, exclusive of interests and costs. Merely as an illustration, Plaintiffs allege that "[t]he injuries sustained by Plaintiffs in the Underlying Action were catastrophic and resulted in significant personal injury damages to Plaintiffs, including total medical bills in excess of $500,000." Exhibit A at ¶ 3.

WHEREFORE, Harford Mutual Insurance Group, Inc., and The Harford Mutual Insurance Company, respectfully remove this action to the United States District Court for the Middle District of North Carolina.

Respectfully submitted,

This the 4th day of November, 2021.

**TEAGUE CAMPBELL DENNIS & GORHAM, LLP**

By: /s/ William A. Bulfer

William A. Bulfer – N.C. State Bar No. 31424
117 Cherry Street North
Asheville, North Carolina 28801
Telephone: (919) 805-5017
Facsimile: (919) 873-1814
wbulfer@teaguecampbell.com
*Attorney for Defendant*

Daniel T. Strong – N.C. State Bar No. 49546
4700 Falls of Neuse Rd, Suite 450
Raleigh, North Carolina 27609
Telephone: (919) 873-0166
Facsimile: (919) 873-1814
dstrong@teaguecampbell.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date, served the foregoing **Notice of Removal** upon all other parties to this cause by depositing a copy hereof, postage paid, in the United States Mail, and by e-mail addressed to the parties or attorneys for said parties as follows:

Coleman M. Cowan – N.C. State Bar No. 21997
Kaitlyn E. Fudge – N.C. State Bar No. 54829
**LAW OFFICE OF JAMES SCOTT FARRIN**
280 S. Mangum Street, Suite 400
Durham, North Carolina 27701
Telephone: (919) 805-5017
Facsimile: (919) 873-1814
ccowan@farrin.com
kaitlyn.fudge@farrin.com
*Attorneys for Plaintiffs Jamya Haith, Emmonie Haith, and Erica Chambers*

Big Boss Construction, Inc.
c/o Registered Agent, Selene De La Rosa
130 Edward Booth Lane
Durham, North Carolina 27713

NC Champions Construction, Inc.
c/o Registered Agent, Roberto Herndandez, Jr.
650 Ganyard Farm Way, Unit 29
Durham, North Carolina 27703

Carlos Alberto Ramirez
310 Peach Tree Street
Asheboro, North Carolina 27203

This the 4th day of November, 2021.

**TEAGUE CAMPBELL DENNIS & GORHAM, LLP**

By: /s/ William A. Bulfer
William A. Bulfer – N.C. State Bar No. 31424
Daniel T. Strong – N.C. State Bar No. 49546